# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2041

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Thomas Lee Baker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: February 13, 2026
Filed: July 9, 2026
[Unpublished]

_____

Before LOKEN, LAVENSKI R. SMITH, and STRAS, Circuit Judges.

_____

PER CURIAM.

An officer of the Watertown Police Department observed Anthony Baker driving a black Chevrolet pickup in Watertown, South Dakota. The officer stopped Baker because snow obstructed his license plate and covered the registration sticker.

The officer approached Baker and requested his driver's license and proof of insurance. Baker had neither but instead provided a tribal identification card. Baker appeared nervous and evasive. The officer instructed him to exit the vehicle and sit in the patrol car. Baker sat partially inside the vehicle. The officer noticed a pill bottle on a snowbank next to the patrol car, close to where Baker had been resting. Baker denied ownership of the bottle, and the officer detained him. The officer found marijuana in Baker's vehicle, and Baker admitted that it was his. Baker additionally disclosed that there was a firearm hidden in the truck and that he was a felon.

After a records check, the officer determined that Baker's driver's license had been revoked and that Baker had an outstanding felony arrest warrant. He arrested Baker pursuant to the warrant, and a subsequent search of the vehicle revealed the firearm and other drug-related items. The entire encounter lasted approximately eight minutes.

Baker moved to suppress the evidence obtained during the stop. The district court[1] denied the motion. Baker conditionally pleaded guilty to being an unlawful user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). Baker reserved his right to pursue this appeal. This appeal followed.

We apply a mixed standard of review to the denial of a motion to suppress. *United States v. Smith*, 820 F.3d 356, 359 (8th Cir. 2016). "The trial court's findings of fact are reviewed for clear error and its denial of the suppression motion is reviewed de novo." *United States v. Ford*, 888 F.3d 922, 925 (8th Cir. 2018). "We will affirm unless the denial of the motion is unsupported by substantial evidence, is based on an erroneous interpretation of the law, or it is clear, based on the entire record, that a mistake was made." *United States v. Walker*, 840 F.3d 477, 483 (8th Cir. 2016).

---

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Judge for the District of South Dakota.

Baker argues that the traffic stop violated the Fourth Amendment because the officer lacked an objectively reasonable basis to believe South Dakota law had been violated. Baker also argues that the underlying statute, S.D. Codified Laws § 32-5-98, requires only that license plates be visible, not registration stickers.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of" the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Even minor traffic violations create sufficient cause to stop the vehicle. *Id.*

Here, the officer initiated the traffic stop because of a suspected violation of S.D. Codified Laws § 32-5-98, which provides, in relevant part:

> Except as otherwise specifically provided, no person may operate or drive a motor vehicle on the public highways of this state unless the vehicle has a distinctive number assigned to it by the department, and two number plates, bearing the number conspicuously displayed, horizontally and in an upright position, one on the front and one on the rear of the vehicle, each securely fastened.

At the suppression hearing, the arresting officer testified that snowfall had ceased about 9.5 hours before the stop occurred and that the roadways had been cleared. He believed that sufficient time had elapsed to reasonably expect drivers on the roadways to have their plates clear and free of ice or snow. Under South Dakota Law, a "driver's failure to display prominently a registration sticker, alone, would provide an officer with reasonable suspicion sufficient to justify at the very least an investigatory stop." *United States v. Dumas*, 94 F.3d 286, 290 (7th Cir. 1996) (citation modified) (applying Illinois law); *State v. Vento*, 604 N.W.2d 468, 471

(S.D. 1999) (extending the *Dumas* reasoning to South Dakota); *see generally United States v. Gilson*, 654 F. App'x 247, 248 (8th Cir. 2016) (unpublished per curiam) (upholding lawfulness of a stop when applying an Iowa statute requiring drivers to securely fasten registration plates "in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible."). It is undisputed that snow partially obstructed Baker's license plate. The district court properly concluded that the officer had a reasonable basis for the stop.

Baker also argues that, even if the stop was initially lawful, it became unconstitutional when the officer failed to simply confirm that the registration sticker was valid. He contends that the officer's questions and document requests unrelated to the ongoing traffic violation impermissibly extended the stop in violation of the Fourth Amendment. We disagree.

> Beyond determining whether to issue a traffic ticket, an officer's mission includes ordinary inquiries incident to the traffic stop. Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly.

*Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (citation modified). When complications arise during these checks, "police may reasonably detain a driver for a longer duration than when a stop is strictly routine." *United States v. Olivera-Mendez*, 484 F.3d 505, 510 (8th Cir. 2007). Relatedly, "[a]n officer may expand the scope of a traffic stop beyond the initial reason for the stop and prolong the detention if the driver's responses and the circumstances give rise to a reasonable suspicion that criminal activity unrelated to the stop is afoot." *United States v. Chavez Loya*, 528 F.3d 546, 553 (8th Cir. 2008). We expect officers to base their suspicion on "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant [] suspicion that a crime [is] being committed."

*United States v. Jones*, 269 F.3d 919, 927 (8th Cir. 2001) (alterations in original) (quoting *United States v. Beck*, 140 F.3d 1129, 1136 (8th Cir. 1998)).

Here, the "totality of the circumstances" warranted reasonable suspicion on the part of the officer. *See id.* While performing those "ordinary inquiries," *Rodriguez*, 575 U.S. at 355, the arresting officer encountered a driver unable to furnish identification or insurance and who behaved suspiciously when asked to sit in the patrol car, *see United States v. White*, 81 F.3d 775, 778 (8th Cir. 1996) (holding that officers may request drivers to sit in the patrol car). Baker's contraband, criminal record, and "nervousness and lack of eye contact" provide a basis for reasonable suspicion. *United States v. Callison*, 2 F.4th 1128, 1132 (8th Cir. 2021) (citing *United States v. Foley*, 206 F.3d 802, 804, 806 (8th Cir. 2000)). No Fourth Amendment violation occurred.

We affirm.

_____